# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| James D. Pullin, et al., | ) | CASE NO.:  5:09CV740 |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Lowe's Home Centers, Inc., et al., | ) | |
| | ) | |
| | ) | |
| | ) | (Resolves Doc. 20) |
| Defendant. | ) | |

This matter comes before the Court on Plaintiffs' motion to remand this matter to the Summit County Court of Common Pleas.  The Court has been advised, having reviewed the motion, response, reply, pleadings, and applicable law.  For the reasons stated herein, the motion to remand is DENIED.


## I.  Facts

Plaintiffs, James D. Pullin and Pamela Pullin (collectively "Pullin"), filed suit against Lowe's Home Centers, Inc. and Lowe's (collectively "Lowe's"), and John Does 1-9 on February 19, 2009.  On April 1, 2009, Lowe's removed the matter to this Court. This Court held a case management conference on June 4, 2009.  Following that conference, Pullin amended the complaint to include the alleged tortfeasor, Melissa LaPointe, as a defendant.  On August 27, 2009, Pullin moved to remand the matter to state court, asserting that the addition of LaPointe destroys this Court's diversity

jurisdiction.  Lowe's has responded in opposition, and Pullin has replied.  The motion now appears before the Court.

## II.  Legal Analysis

The Sixth Circuit

> has recognized that fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds.  To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law.  However, if there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, this Court must remand the action to state court.  The district court must resolve all disputed questions of fact and ambiguities in the controlling … state law in favor of the non removing party.  All doubts as to the propriety of removal are resolved in favor of remand.

*Coyne v. American Tobacco Co.*, 183 F.3d 488, 492-93 (6th Cir. 1999) (citations and quotations omitted).

Much of Pullin's motion to remand and reply brief is dedicated to demonstrating that his addition of LaPointe was not a fraudulent joinder.  In making this argument, Pullin asserts that LaPointe injured him during the course and scope of her employment.  Pullin argues that as such, he is entitled to sue both the principal, Lowe's, and the agent, LaPointe.  The Court has little trouble accepting this premise.  Pullin, however, entirely ignores the relevant argument raised by Lowe's: any suit against LaPointe is barred by Ohio's statute of limitations.

> A number of appellate courts have held that a non-diverse defendant has been fraudulently joined, when the plaintiff's claims against that party are barred by the statute of limitations. *See In re Bricoe*, 448 F.3d 201, 219 (3d Cir. 2006) (holding that "[i]f a district court can discern, as a matter of law, that a cause of action is time-barred under state law, it follows that the cause fails to present even a colorable claim against the non-diverse defendant," and that, therefore, the non-diverse defendant was

fraudulently joined); *LeBlang Motors, Ltd. v. Subaru of Am., Inc.*, 148 F.3d 680, 690 (7th Cir. 1998) (holding that "[i]f the time to bring the cause of action had expired, then the district court was correct in dismissing [the non-diverse defendants] as fraudulently joined"); *Richey v. Upjohn Drug Co.*, 139 F.3d 1313 (9th Cir. 1998) (holding that non-diverse hospital and physician had been fraudulently joined to action against drug manufacturer, since the claims against the non-diverse defendants were barred by the applicable statute of limitations and that, therefore, the District Court had properly exercised removal jurisdiction).

*The Way Internat'l v. Exec. Risk Indemnity, Inc.*, No. 3:07CV294, 2008 WL 906006, at *2 (S.D.Ohio Mar. 31, 2008) (footnote omitted).

In the instant matter, the amended complaint raises a negligence cause of action against LaPointe.  Ohio Revised Code § 2301.10 provides a two-year statute of limitations for the cause of action against LaPointe.  Based on the complaint's allegations, Pullin was injured on February 27, 2007.  LaPointe was named in this lawsuit for the first time in the amended complaint filed on July 6, 2009.  Despite Lowe's raising this precise argument in its response brief, Pullin failed to address the argument in any manner in his reply brief.

The Court is mindful that under appropriate circumstances an amended complaint may relate back to the original filing.  *See* Fed.R. Civ.P. 15(c).  However, Pullin has presented no argument to support a conclusion that this amendment should relate back. As noted above, Pullin has raised no argument whatsoever that the claims against LaPointe are not barred by the statute of limitations.  Accordingly, Lowe's has demonstrated that LaPointe was fraudulently joined to destroy diversity.

**III.     Conclusion**

For the reasons stated herein, Pullin's motion to remand is DENIED.  Further, Pullin is ordered to show cause within fourteen (14) days why the causes of action against LaPointe should not be dismissed as barred by the applicable statute of limitations.

IT IS SO ORDERED.


Dated: October 6, 2009                        /s/ Judge John R. Adams

                                JUDGE JOHN R. ADAMS
                                UNITED STATES DISTRICT COURT